United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

OLIVER HILSENRATH,

Defendant.
                                                /

No. CR 03-0213 WHA

**ORDER ALLOWING GOVERNMENT TO PRESENT THEORY OF TAX EVASION BASED ON 350,000 SHARES**

When the February 2005 superseding indictment was filed, it included tax evasion on the 350,000 shares. The word "elsewhere" in the indictment meant that the count went beyond the fraudulently-obtained shares. The dollar amounts alleged included the 350,000-share gain. For reasons stated in the order dated October 19, 2005, the 350,000-share item was within the scope of the agreement set forth in the November 2004 letter by defense counsel. Therefore, it would be entirely permissible for the government to present proof of tax evasion on the gain from the 350,000 shares — unless some subsequent event has rendered it improper for the government to do so.

Two such subsequent events are asserted by the defense. The first was the donnybrook over the flawed effort to subdivide the tax count (to try the 350,00 shares tax issue later). The donnybrook was as much the Court's fault as counsel's fault. The subdivision idea proved to be impossible for reasons of double jeopardy. No counsel, apparently, was aware of this snafu until later. When the it came to light a few weeks later and the subdivision idea was doomed, the government was entitled to go back to the status quo ante.

Oddly, however, the government did not do so. Instead, it stated that it would rely solely on the fraudulently-obtained stock for the tax-evasion charges and would give up on the 350,000 shares. This representation occurred on May 9, 2005. Then, the government reversed field and stated that it would indeed rely on the 350,000 shares after all. That occurred on July 7, 2005. The Court will not take any blame for this fickle behavior.

It was fickle but not malicious. Over the interim, the AUSA assigned learned more about how tax-evasion counts are typically charged by the tax prosecutors. Even so, if there had been detrimental reliance demonstrated from the reversal of field, then preclusion might be warranted. For the reasons stated earlier in the order dated October 19, 2005, no appreciable detrimental reliance has been demonstrated.

The defense, alternatively, argues that the government has sought evidence from Swiss authorities based on the promise that the evidence would not be used in its tax-evasion case against defendant. Even if true (and the government denies it), this would not be a basis for excluding the 350,000-share theory from the tax case. If the government, later at trial, seeks to prove up the tax case with arguably-restricted evidence, then perhaps that specific evidence will be excluded. That is, however, no basis on the present record for barring the theory altogether. For example, non-Swiss evidence may be adequate to prove up the tax charges.

Any instruction to the jury to limit use of the evidence of the legitimately obtained shares is premature to decide.

The Court's order of April 19, 2005, must be revisited and possibly revised in light of these subsequent events. That order was based on the mistaken assumption that subdividing and severance was a viable option. It is not, due to the double-jeopardy issue. At the next hearing, on November 14, 2005, the Court shall hear argument again on whether the tax counts should be completely severed from the fraud counts with the fraud counts tried first. This must also include a discussion over whether Mr. Hilsenrath will agree to exclude time for any subsequent, severed trial. At the last hearing, defense counsel stated that Mr. Hilsenrath would *not* do so in connection with the newly-found boxes of evidence. The discussion must also

include whether it would be possible to try the tax counts without re-hashing all of the evidence concerning the transfer of stock.

This order disposes of Docket Item Nos. 132, 134 and 150.

**IT IS SO ORDERED.**

Dated: November 10, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE