IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 03-0213 WHA |
| Plaintiff, | ) ) | LETTER ROGATORY |
| v. | ) ) | |
| OLIVER HILSENRATH, | ) ) | **Trial Date**: October 2, 2006 |
| Defendant. | ) ) ) | **Courtroom:** The Honorable William H. Alsup |

The United States District Court for the Northern District of California presents its greetings to the judicial authorities in the Republic of France and respectfully requests the assistance of the courts of France in connection with a criminal matter pending in the United States of America. The United States District Court for the Northern District of California assures the courts of France and the appropriate judicial authority designated to execute this request that the courts of the United States are authorized to assist foreign tribunals in the execution of letters rogatory for assistance in criminal matters. The United States District Court for the Northern District of California respectfully requests the courts of France to reciprocate in this request, and to assist the courts of the United States of America to gather evidence requested by this Letter Rogatory to ensure the integrity of judicial proceedings in the United States of America.

## The Facts

The United States Attorney, who is the federal prosecutor for this judicial district, is prosecuting charges that Oliver Hilsenrath violated the laws of the United States by conspiring to, and by committing, wire, mail, and securities fraud. Mr. Hilsenrath is also charged with tax fraud and criminal forfeiture allegations. Mr. Hilsenrath has denied all allegations by pleading not guilty to the indictment.

In the late 1990's, Oliver Hilsenrath was an executive in a United States company called United States Wireless Corporation. The government alleges that Mr. Hilsenrath committed fraud and tax offenses in relation to stock and other assets of this corporation.

The Court is informed that a witness with information relevant to these charges now resides in France. That witness is named David Dahan. The Court is informed that Mr. Dahan has information relating to financial transactions that bear on the fraud allegations now faced by Mr. Hilsenrath. Counsel for Mr. Hilsenrath has moved this Court to request a letter rogatory to secure the testimony of Mr. Dahan. This letter rogatory accordingly seeks the assistance of the French government in securing the testimony of David Dahan, a resident of the Republic of France.

## The Offenses

Mr. Hilsenrath is charged with the following offenses:[1]

**I.    18 USC § 371**

**§ 371. Conspiracy to commit offense or to defraud United States**

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the

---

[1] The text of the statutes provided in this letter rogatory are the relevant statutes as they exist in June 2006. Before trial, the Court will decide what version of the statute is appropriate in light of the dates of the alleged offenses.

conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

18 USC § 371 (West 2006).

## II.    18 USC § 1341

### § 1341. Frauds and swindles

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 USC § 1341 (West 2006).

## III.   18 USC § 1343

### § 1343. Fraud by wire, radio, or television

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 USC § 1343 (West 2006).

**IV.   15 USC § 78ff**

**§ 78ff. Penalties**

(a) Willful violations; false and misleading statements

Any person who willfully violates any provision of this chapter (other than section 78dd-1 of this title), or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter, or any person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under `this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title, or by any self-regulatory organization in connection with an application for membership or participation therein or to become associated with a member thereof, which statement was false or misleading with respect to any material fact, shall upon conviction be fined not more than $5,000,000, or imprisoned not more than 20 years, or both, except that when such person is a person other than a natural person, a fine not exceeding $25,000,000 may be imposed; but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation.

(b) Failure to file information, documents, or reports

Any issuer which fails to file information, documents, or reports required to be filed under subsection (d) of section 78o of this title or any rule or regulation thereunder shall forfeit to the United States the sum of $100 for each and every day such failure to file shall continue. Such forfeiture, which shall be in lieu of any criminal penalty for such failure to file which might be deemed to arise under subsection (a) of this section, shall be payable into the Treasury of the United States and shall be recoverable in a civil suit in the name of the United States.

(c) Violations by issuers, officers, directors, stockholders, employees, or agents of issuers

>   (1)(A) Any issuer that violates subsection (a) or (g) of section 78dd-1 of this title shall be fined not more than $2,000,000.

(B) Any issuer that violates subsection (a) or (g) of section 78dd-1 of this title shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Commission.

(2)(A) Any officer, director, employee, or agent of an issuer, or stockholder acting on behalf of such issuer, who willfully violates subsection (a) or (g) of section 78dd-1 of this title shall be fined not more than $100,000, or imprisoned not more than 5 years, or both.

(B) Any officer, director, employee, or agent of an issuer, or stockholder acting on behalf of such issuer, who violates subsection (a) or (g) of section 78dd-1 of this title shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Commission.

(3) Whenever a fine is imposed under paragraph (2) upon any officer, director, employee, agent, or stockholder of an issuer, such fine may not be paid, directly or indirectly, by such issuer.

15 USC § 78ff (West 2006)

**V.   26 USC § 7201**

26 U.S.C.A. § 7201 (I.R.C. § 7201)

**§ 7201. Attempt to evade or defeat tax**

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 USC § 7201 (West 2006).

**VI.   18 USC § 982(a)(2)**

**§ 982. Criminal forfeiture**

(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate –

    (A) section 215, 656, 657, 1005, 1006, 1007, 1014, 1341, 1343, or 1344 of this title, affecting a financial institution, or

    (B) section 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 842, 844, 1028, 1029, or 1030 of this title,

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

(3) The court, in imposing a sentence on a person convicted of an offense under--

    (A) section 666(a)(1) (relating to Federal program fraud);

    (B) section 1001 (relating to fraud and false statements);

    (C) section 1031 (relating to major fraud against the United States);

    (D) section 1032 (relating to concealment of assets from conservator, receiver, or liquidating agent of insured financial institution);

    (E) section 1341 (relating to mail fraud); or

    (F) section 1343 (relating to wire fraud),

involving the sale of assets acquired or held by the Resolution Trust Corporation, the Federal Deposit Insurance Corporation, as conservator or receiver for a financial institution or any other conservator for a financial institution appointed by the Office of the Comptroller of the Currency or the Office of Thrift Supervision, or the National Credit Union Administration, as conservator or liquidating agent for a financial institution, shall order that the person forfeit to the United States any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation.

(4) With respect to an offense listed in subsection (a)(3) committed for the purpose of executing or attempting to execute any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent statements, pretenses, representations, or promises, the gross receipts of such an offense shall include any property, real or personal, tangible or intangible, which is obtained, directly or

indirectly, as a result of such offense.

(5) The court, in imposing sentence on a person convicted of a violation or conspiracy to violate--

    (A) section 511 (altering or removing motor vehicle identification numbers);

    (B) section 553 (importing or exporting stolen motor vehicles);

    (C) section 2119 (armed robbery of automobiles);

    (D) section 2312 (transporting stolen motor vehicles in interstate commerce); or

    (E) section 2313 (possessing or selling a stolen motor vehicle that has moved in interstate commerce);

shall order that the person forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation.

(6)(A) The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa issuance or use, shall order that the person forfeit to the United States, regardless of any provision of State law--

    (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and

    (ii) any property real or personal--

        (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or

        (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

  (B) The court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

(7) The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

(8) The court, in sentencing a defendant convicted of an offense under section 1028, 1029, 1341, 1342, 1343, or 1344, or of a conspiracy to commit such an offense, if the offense involves telemarketing (as that term is defined in section 2325), shall order that the defendant forfeit to the United States any real or personal property--

  (A) used or intended to be used to commit, to facilitate, or to promote the commission of such offense; and

  (B) constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of the offense.

(b)(1) The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853).

  (2) The substitution of assets provisions of subsection 413(p) shall not be used to order a defendant to forfeit assets in place of the actual property laundered where such defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve month period.

18 USC § 982 (West 2006).

**Subject of the Prosecution**

**I.     Oliver Hilsenrath**

| | |
|---|---|
| Name: | Oliver Hilsenrath |
| Date of Birth: | April 27, 1957 |
| Place of Birth: | Bucharest, Romania |
| Citizenship: | United States of America, since September 1999 |
| Race: | Caucasian |
| Sex: | Male |
| Height: | 5 ft, 8 inches |
| Weight: | 200 pounds |
| Eye color: | Green |
| Hair color: | Black |
| Passport Number: | 201 342 087 |
| Social Security No.: | 191 72 0018 |

**Assistance Requested**

The United States District Court for the Northern District of California requests that the appropriate judicial authority designated to execute this letter rogatory assist in securing testimony from David Dahan for the trial of Mr. Hilsenrath in the United States. To obtain the testimony of the witness, this Court respectfully requests permission from the appropriate judicial authority to take the testimony David Dahan by means of a recorded deposition, or inquiry, in France.

The Court understands that under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, Mr. Dahan will be questioned by a French magistrate from a list of questions that will be submitted by the parties. The Court respectfully requests that the parties be permitted to attend this inquiry, and that they be permitted to submit follow-up questions through the French magistrate to clarify any answers given. This Court additionally requests that the witness be placed under oath

prior to testifying, that a court reporter be granted permission to take down a verbatim transcript of the testimony, and that a videographer be permitted to record the testimony of the witness.

All expenses incurred to take the depositions will be paid for by the United States government.

Finally, this court requests that French, Hebrew, and English interpreters be permitted to be present to translate the questions and answers.

Please accept the assurance of our highest esteem.

Date:   June 27, 2006



THE HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE