IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 03-0213 WHA |
| Plaintiff, | ) | |
| | ) | [PROPOSED] ORDER REGARDING |
| v. | ) | THE SWISS AND EUROPEAN |
| | ) | FREEZE OF OLIVER HILSENRATH'S |
| OLIVER HILSENRATH, | ) | FUNDS |
| | ) | |
| Defendant. | ) | |
| | ) | Hearing Date: August 21, 2006 |

This Court makes the following findings pursuant to Federal Rule of Civil Procedure 65:

1. In 2005, the federal government of the United States asked the government of Switzerland to freeze assets of Oliver Hilsenrath.

2. Almost all of the assets are attributable to the sale of 350,000 shares of U.S. Wireless stock that Oliver Hilsenrath acquired legitimately.

3. In response to an inquiry from the Swiss authorities, the U.S. government told the Swiss authorities that while the 350,000 shares of U.S. Wireless stock at issue were obtained legitimately, it believed that the shares may have been transferred in violation of U.S. securities laws (even though those securities law violations were not charged in the U.S. case.

4. After these American requests, Swiss investigating magistrates (or "prosecutors) wrote to other European jurisdictions. The Swiss investigating magistrates requested that Hilsenrath's assets

in those European jurisdictions also be frozen.

5. The United States federal government has now concluded that these frozen assets were not embezzled or stolen. The United States federal government has also concluded that these frozen assets were not the proceeds of a securities fraud offense. Thus, the United States withdrew its request to Switzerland to freeze assets.

6. The continuing restraint of Hilsenrath's assets in Switzerland and Europe is preventing him from hiring the counsel of his choice. This is causing a significant delay of two large federal cases before this Court: the criminal prosecution, and a related S.E.C. civil case. This delay is very inconvenient to the Court and to the parties.

The Court accordingly holds the following:

1. There was no probable cause to support the pretrial restraint of assets attributable to the 350,000 shares when the MLAT requests for a freeze were sent to Switzerland in 2005;

2. The continued freeze requires, for some limited term, a continuance of the criminal trial to permit Hilsenrath to attempt to recover his assets and retain counsel;

3. To the extent that the Swiss authorities' independent freeze of the assets is attributable to the Swiss authorities' conclusion that there are violations of U.S. law that justify Swiss money laundering charges, the Court respectfully requests the Swiss investigating magistrates to release the funds frozen at the request of the U.S. government. The Court further requests that the Swiss investigating magistrates withdraw their requests for freezes made to other European jurisdictions.

IT IS SO ORDERED.

August 21, 2006
Dated

WILLIAM ALSUP
United States District Court Judge



*Hilsenrath*, CR 03-0213 WHA
ORD. RE: FROZEN ASSETS

2