UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 03 00213 WHA |
| Plaintiff, ) | |
| v. ) | STIPULATION AND ORDER |
| OLIVER HILSENRATH, ) | |
| Defendant. ) | |

With the agreement of the parties in open court on August 21, 2006, and following the Court's continuance of the trial on August 23, 2006, the Court enters this order documenting the exclusion of time in this case under the Speedy Trial Act. The parties agree, and the Court finds and holds, as follows:

1. Because motions are pending, the Speedy Trial Clock is tolled. See 18 U.S.C. § 3161(h)(1)(F).

2. In part, Hilsenrath asked for the trial to be continued in order to conduct defense depositions and to obtain additional documents from Jersey (the Channel Islands). The Court continued the trial until January 29, 2007, in part to allow the defense to conduct the depositions and to obtain the documents from Jersey via the United States' supplemental MLAT request. The parties agree, and the Court finds and holds, that continuing the trial until January 29, 2007, is the reasonable time necessary to accomplish these matters and thus is the reasonable time

STIPULATION AND ORDER (CR 03 00213 WHA)

necessary for effective preparation of defense counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties agree, and the Court finds and holds, that the ends of justice served by the continuance and the exclusion of time until January 27, 2007, outweigh the best interests of the public and the defendant in a speedy trial. See id. § 3161(h)(8)(A). Thus, the Court excludes time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A) & (B)(iv), from the date of this order until January 27, 2007.

3. Hilsenrath also asked for the trial to be continued to afford the Swiss authorities more time to release assets so that he could hire new counsel, Doron Weinberg. The Court previously ordered that if Mr. Weinberg appeared in the case by noon on October 23, 2006, then the Court would continue the trial until April 23, 2007. This order was based on Mr. Weinberg's representations in his letter of August 22, 2006, that if he were retained between now and October 23, 2006, he would be prepared to go to trial on April 23, 2007. Thus, the parties agree, and the Court finds and holds, that if Mr. Weinberg is retained in the case, continuing the trial until April 23, 2007, is the reasonable time necessary for effective preparation of defense counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties agree, and the Court finds and holds, that the ends of justice served by the continuance and the exclusion of time until April 23, 2007, outweigh the best interests of the public and the defendant in a speedy trial. See id. § 3161(h)(8)(A). Thus, if Mr. Weinberg is retained by October 23, 2006, the Court will enter a separate order excluding time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A) & (B)(iv), until April 23, 2007.

IT IS SO ORDERED.

DATED: 8/31/06

WILLIAM H. ALSUP
United States District Judge

STIPULATED:

STEVEN KALAR  8/29/06
Assistant Federal Public Defender

LAUREL BEELER  8/29/06
Assistant United States Attorney

OLIVER HILSENRATH
Defendant

STIPULATION AND ORDER (CR 03 00213 WHA)   2