**United States District Court**
For the Northern District of California

1
2
3
4
5
6                                IN THE UNITED STATES DISTRICT COURT
7
8                                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES OF AMERICA,                            No. CR 03-00213 WHA
11          Plaintiff,
12    v.                                                  **ORDER DENYING
                                                          DEFENDANT'S MOTIONS
13   OLIVER HILSENRATH,                                   TO DISMISS AND MOTION TO
                                                          RECONSIDER ORDER
14          Defendant.                                    ALLOWING FOREIGN
                                                /         DEPOSITIONS**
15
16          Defendant Oliver Hilsenrath, who has terminated his prior counsel and is representing
17   himself, has filed two motions to dismiss various counts of the indictment, as well as a motion
18   for reconsideration. For the reasons stated below, his motions are **DENIED.**[*]
19          Defendant first moves to dismiss Counts 7 and 8 of the indictment. Counts 7 and 8
20   allege violations of the wire fraud statute, 18 U.S.C. 1343 and 1346. Defendant's challenge to
21   the indictment is entirely based on his own view of the facts. He contends that the
22   embezzlement alleged in those counts was only a "differed salary [*sic*]," and thus that the facts
23   do not support the allegations in the indictment.
24          It is well-established that a "district court cannot grant a motion to dismiss an indictment
25   if the motion is substantially founded upon and intertwined with evidence concerning the
26   alleged offense." *United States v. Lunstedt*, 997 F.2d 665, 667 (9th Cir. 1993) (internal
27
28          [*] At a hearing on October 24, 2006, the Court offered to appoint Mr. Doron Weinberg as counsel
     under the Criminal Justice Act. By letter dated October 24, defendant declined the Court's offer. That letter is
     on file as Doc. No. 284. At the hearing on the instant motions, the Court reiterated that it remained willing to
     appoint Mr. Weinberg as CJA counsel.

United States District Court

For the Northern District of California

1  quotations omitted).  Federal Rule of Criminal Procedure 7(c)(1) requires only that an

2  indictment be a "plain, concise, and definite written statement of the essential facts constituting

3  the offense charged."  Defendant has made no showing that the Rule 7(c)(1) standard is not

4  satisfied here.  Accordingly, because defendant's motion is grounded on a factual

5  determination, the motion lacks merit.  Of course, if the government's case *at trial* is

6  unsupported by any evidence, then the counts will be dismissed.

7                              *                    *                    *

8          In a second motion, defendant moves to dismiss Counts 1 through 3 and 9 through 14.

9  The crux of defendant's claim is that because his co-defendant David Klarman pled guilty and

10  paid restitution, defendant is either exonerated of the claims or has already been found guilty so

11  that double jeopardy bars his prosecution.

12          Prosecution of defendant is not barred on double jeopardy grounds.  Double jeopardy

13  only protects a defendant "against the imposition of multiple criminal punishments for the same

14  offense."  *Hudson v. United States*, 522 U.S. 93, 99 (1997).  Under the terms of Klarman's plea

15  agreement, Klarman was required to pay restitution.  Klarman's funds were put into an escrow

16  account with the Clerk's office.  By order dated August 28, 2006, this Court ordered those funds

17  to be released as restitution.  Klarman's guilty plea and restitution payment were not a criminal

18  punishment against defendant Hilsenrath.  Double jeopardy does not bar this action.

19          Defendant contends that under *Fant v. State*, 881 S.W.2d 830, 834 (Tex. Ct. App. 1994),

20  a civil forfeiture of money gives rise to jeopardy, thereby barring a subsequent criminal

21  prosecution.  *Fant*, however, was reversed by an *en banc* panel of the Texas Court of Criminal

22  Appeals for that very proposition.  *See Fant v. State*, 931 S.W.2d 299, 307 (Tex. Crim. App.

23  1996).  The *en banc* court held that "*in rem* civil forfeitures . . . are neither 'punishment' nor

24  criminal for purposes of the Double Jeopardy Clause of the Fifth Amendment."  This order

25  notes that the Court of Criminal Appeals decision relied on and comports with the United States

26  Supreme Court's "traditional understanding that civil forfeiture does not constitute punishment

27  for the purpose of the double jeopardy clause."  *United States v. Ursery*, 518 U.S. 267, 287

28  (1996).  Notwithstanding the obvious fact that Klarman's restitution payments were made by

**United States District Court**
For the Northern District of California

1   Klarman on his own behalf, defendant's reliance on an overruled intermediate Texas appellate

2   decision is most disappointing.

3        Nor does Klarman's restitution payment exonerate defendant from liability as to the

4   above-named counts.  The counts at which defendant's motion is directed assert various bases

5   for defendant's criminal liability.  Defendant's alleged liability in a conspiracy or tax-fraud

6   scheme does not evaporate simply because a co-defendant has pled guilty.  Defendant's

7   remaining contentions in this motion also lack merit.

8                           *               *               *

9        In a third motion, defendant asks this Court to reconsider its order dated August 21,

10  2006, which permitted the government to take foreign depositions in Switzerland.  Defendant's

11  principal contention is that the depositions will, at best, reveal evidence that will be excludable

12  at trial under Federal Rules of Evidence 403 and 404(b).  This is not a valid reason to prohibit

13  the depositions preemptively.  The government is entitled to at least try to develop usable and

14  admissible evidence at the depositions, subject to motions to exclude after the actual testimony

15  is known.  Defendant's remaining contentions in this motion also lack merit.

16                          *               *               *

17       For the foregoing reasons, defendant's "Motion to Dismiss Counts 7 and 8 Based on

18  Fed. R. Crim. P. 7(C)(1) and 12(b)(3)(B) and the 6th Amendment of the United States

19  Constitution is **DENIED**.  Additionally, defendant's "Motion to Correct the Sentence,

20  Reconsider Order, and Dismiss Counts 1 to 3, and 9 to 14 on the Basis fo Double Jeopardy and

21  the 5th Amendment of the United States Constitution" is **DENIED**.  Finally, defendant's "Motion

22  to Reconsider Order to Take Foreign Depositions in Switzerland Pursuing to Fed. R. Crim. P.

23  15" is **DENIED**.

24

25

26

27

28

1       Defendant's informal request to seal documents (Docket No. 286) is **DENIED**, as he has

2 not articulated a reason why they should be sealed under Civil Local Rule 79-5.

3

4       **IT IS SO ORDERED.**

5

6 Dated:  November 8, 2006

                         WILLIAM ALSUP

7                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4