UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 03-0213 WHA |
| Plaintiff, | ORDER |
| v. | |
| OLIVER HILSENRATH, | |
| Defendant. | |

On August 21, 2006, the Court issued an order holding the following:

1. There was no probable cause to support the pretrial restraint of assets attributable to the 350,000 shares when the MLAT requests for a freeze were sent to Switzerland in 2005;

             \*             \*             \*

3. To the extent that the Swiss authorities' independent freeze of the assets is attributable to the Swiss authorities' conclusion that there are violations of U.S. law that justify Swiss money laundering charges, the Court respectfully requests the Swiss investigating magistrates to release the funds frozen at the request of the U.S. government. The Court further requests that the Swiss investigating magistrates withdraw their requests for freezes made to other European countries.

ORDER (CR 03 213 WHA)

The United States has advised the Court that the Swiss authorities have suggested that because the Court's order is not a judicial decision such as a plea or a sentencing, it is not a final or sufficient order to release the frozen assets.

The Court issues this order to clarify the following:

1. The U.S. government has investigated the matter of Mr. Hilsenrath's acquisition and sale of 350,000 shares of U.S. Wireless Corporation and has concluded that there are no violations of U.S. law other than tax evasion charges.

2. Accordingly, the U.S. government has decided not to bring charges about the 350,000 shares, except for the tax evasion charges.

3. The U.S. government informed the Swiss authorities that allegations in the MLAT requests – that the 350,000 shares were acquired unlawfully – were inaccurate.

4. The Court clarifies that there is no other mechanism (other than the issuance of this order) to pronounce on the propriety of the asset freeze. If the assets had been frozen in the United States, and the Court issued a similar order holding that there was no probable cause to freeze the assets, then the assets would have to be released and returned to Mr. Hilsenrath.

5. The Court asks the Swiss examining magistrates to deem its August 21, 2006, order a final order, not subject to any other judgment or plea.

6. Consequently, the Court reiterates its request to the Swiss authorities to release Mr. Hilsenrath's frozen funds and to withdraw their requests for freezes made to other European countries, to the extent that the Swiss authorities' freeze of assets is attributable to their mistaken conclusion that there are violations of U.S. law that justify Swiss money laundering charges.

IT IS SO ORDERED.

DATED: November 13, 2006

_____
WILLIAM H. ALSUP
United States District Judge

ORDER (CR 03 213 WHA)            2