UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 03 00213 WHA |
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER |
| OLIVER HILSENRATH, | ) | |
| Defendant. | ) | |

With the agreement of the parties in open court on December 15, 2006, the Court enters this order documenting the exclusion of time in this case under the Speedy Trial Act from December 15, 2006, to May 21, 2007. The parties agree, and the Court finds and holds, as follows:

1. The Court previously excluded time in the case until January 29, 2007. On December 15, 2006, the Court vacated the trial date and re-set it on May 21, 2007, to allow the parties to obtain further documents and information from Jersey (the Channel Islands) and possibly conduct follow-up depositions in Jersey. Continuing the trial also will allow the defense to conduct a deposition in France and possibly more depositions elsewhere, and it will allow the United States to conduct a deposition in Switzerland. According to the Jersey authorities, they will contact Equity Trust about the additional documents and information, but it is not realistic to expect even a preliminary response until January 2007. Any follow-up depositions cannot take place until March 2007 at the earliest. The defense deposition in France could be scheduled in January, but

STIPULATION AND ORDER (CR 03 00213 WHA)

the defense would like to obtain and review the additional information from Jersey before conducting the defense deposition. Finally, the Swiss depositions cannot take place until the end of February at the earliest.

2. The parties agree, and the Court finds and holds, that continuing the trial until May 21, 2007, is the reasonable time necessary to accomplish these matters and thus is the reasonable time necessary for effective preparation of defense counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). In addition, based on the United States' application, time is excluded under the Speedy Trial Act to take its deposition in Switzerland pursuant to its official request for the deposition. See 18 U.S.C. § 3161(h)(9). Finally, the need for the depositions and foreign evidence, particularly in Jersey, renders the case unusual and complex due to the nature of the prosecution such that it is unreasonable to expect adequate preparation for the trial within the ordinary time limits set forth in the Speedy Trial Act. See 18 U.S.C. § 3161(h)(B)(iv). Accordingly, the parties agree, and the Court finds and holds, that the ends of justice served by the continuance and the exclusion of time until May 21, 2007, outweigh the best interests of the public and the defendant in a speedy trial. See id. § 3161(h)(8)(A).

3. Thus, the Court excludes time under the Speedy Trial Act from December 15, 2006, to May 21, 2007.

IT IS SO ORDERED.

DATED: December 21, 2006

WILLIAM H. ALSUP
United States District Judge

STIPULATED:

/s Oliver Hilsenrath
OLIVER HILSENRATH
Defendant

/s Laurel Beeler
LAUREL BEELER
Assistant United States Attorney

STIPULATION AND ORDER (CR 03 00213 WHA)    2